**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **MYRON L. RHODES,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 5:14cv005** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SHEILA R. KEESEE, ESQ.,** | ) | **By:   Michael F. Urbanski** |
| | ) | **United States District Judge** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Myron L. Rhodes, proceeding *pro se*, brings this 42 U.S.C. § 1983 action asserting violations of the Equal Protection Clause of the Fourteenth Amendment and of the First Amendment, along with a pendent state law claim for defamation.  He seeks leave to proceed *in forma pauperis*.  The court will grant Rhodes' application to proceed without prepayment of fees, but will dismiss his complaint for the reasons set forth below.

Rhodes brings suit against Sheila R. Keesee, Esq.  He alleges that Keesee served as a guardian *ad litem* for Rhodes' minor children during the course of divorce proceedings and other litigation with his former wife.  Rhodes states that he brings this suit on the basis of "the conduct of Keesee which resulted in the denial of the plaintiff's fundamental right to parent his children, due process and equal protection in the state court, acting more like an advocate for the legal position of the mother [of plaintiff's children], than an advocate for her wards, the four children of the plaintiff."  (Compl., Dkt. No. 1, at 2).

As an initial matter, it is highly doubtful that Keesee was acting under color of law while serving as a guardian *ad litem*. <u>See</u> <u>Serdah v. Edwards</u>, 7:11-CV-00023, 2011 WL 3849703, at *2 (W.D. Va. Aug. 30, 2011) (holding that a guardian *ad litem* was not acting under color of state law where he did not have custody of his ward, but simply played the role of advocate). Of course, if Keesee was not acting under color of state law, Rhodes cannot maintain a § 1983 suit against her.

Even assuming, however, that Keesee was acting under color of state law, it is well-settled that she is entitled to immunity from § 1983 claims for any actions undertaken within the confines of her role as a guardian *ad litem*. <u>Id.</u> at *3 (citing <u>Fleming v. Asbill</u>, 42 F.3d 886, 889 (4th Cir.1994)); <u>see also</u> <u>Murphy v. Goff</u>, 6:10-CV-00026, 2010 WL 2292130, at *4 (W.D. Va. June 7, 2010) (citing <u>Asbill</u>) (same); <u>Mobley v. Penny</u>, 7:07-CV-00481, 2007 WL 3243802, at *2 (W.D. Va. Nov. 1, 2007) (citing <u>Asbill</u>) (same); <u>Smith v. Smith</u>, CIV.A. 7:07CV00117, 2007 WL 3025097, at *6 (W.D. Va. Oct. 12, 2007) (citing <u>Asbill</u>) (same). Rhodes alleges that Keesee failed to contact substantive witnesses to support his custody claim; engaged in gender bias; and asked the Circuit Court to restrain Rhodes' use of social media during his divorce proceedings. As these actions all appear to be actions taken pursuant to Keesee's role as guardian *ad litem*, they are not actionable.[1]

Because Rhodes has failed to state a claim under federal law, the court cannot exercise pendent jurisdiction pursuant to 28 U.S.C. § 1367 over his state law defamation claim. The court may dismiss a claim for want of jurisdiction at any time. <u>Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.</u>, 369 F.3d 385, 390 (4th Cir. 2004) (citations omitted) ("[Q]uestions of subject-matter

---

[1] Additionally, Rhodes alleges that Keesee "harassed," "berated" and "badgered" his daughters for not wanting to leave their mother, causing one child to be "hospitalized and sedated" on the eve of the divorce hearing. Compl. ¶ 5. While such conduct, if true, may be the subject of a state tort suit, sanctions motion or bar complaint, it does not state a federal constitutional claim.

jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

While it is incumbent upon courts to liberally construe the claims of *pro se* litigants, <u>United States v. Wilson</u>, 699 F.3d 789, 797 (4th Cir. 2012) (citation omitted), they are not obligated to hear claims where there is no basis for relief. Here, Rhodes seeks both monetary relief against a defendant who is immune and further fails to state a claim on which relief may be granted. Dismissal of his § 1983 claim is therefore warranted under 28 U.S.C. §§ 1915 (e)(2)(B)(ii), (iii). The court accordingly lacks jurisdiction over his state law defamation claim, and it is therefore proper to dismiss that claim as well.

An appropriate Order will be entered this day.

Entered:  March 3, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge